UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:13-CR-026 |
| | ) | |
| STEPHEN ERIC BURGNER | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 176], which has been rendered moot by the supplemental motion filed by counsel [doc. 205]. Through counsel, the defendant asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The United States has responded in partial opposition to the motion, ultimately deferring to the court's discretion whether and to what extent to award a reduction. For the reasons that follow, the pending motion will be denied.

**I.    Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "The authorization of such a discretionary reduction . . . <u>does not entitle a defendant to a reduced term of imprisonment as a matter of right</u>." U.S.S.G. § 1B1.10 cmt. background (2016) (emphasis added).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect" when the defendant was previously sentenced. *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking crimes by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782.

2

Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was previously sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Background

By judgment dated September 10, 2013, this court sentenced the defendant to a 96-month term of imprisonment as to Count One (a methamphetamine conspiracy). The defendant's advisory guideline range was 92 to 115 months, based on a total offense level of 23 and a criminal history category of VI. According to the Bureau of Prisons ("BOP"), the defendant is presently scheduled for release on July 15, 2021.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). That is not the case here.

**III.  Analysis**

Applying Amendment 782, the defendant's new advisory guideline range is 77 to 96 months, based on a total offense level of 21 and a criminal history category of VI. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors.  Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public.  *See id.* § 1B1.10 cmt. n.1(B)(ii).  Having done so, the court finds that the requested sentence reduction should <u>not</u> be granted.

As noted above, the defendant was sentenced as a criminal history category VI. He played a major role in the instant methamphetamine conspiracy.  He was both a cook and distributor, and he taught others how to cook.  [PSR ¶¶ 9, 12, 15, 16, 18].  His methamphetamine was regularly manufactured with stolen items.  *Id.*, ¶¶ 15, 18.  He disposed of his manufacturing waste in storm drains, *id.*, ¶ 16, and he threatened the "health" of at least one unindicted coconspirator.  *Id.*, ¶ 18.  The court nonetheless showed leniency by imposing a sentence near the bottom of the guideline range.

Disappointingly, the defendant's misconduct has continued while in BOP custody. He has already been sanctioned for eleven disciplinary infractions: assault (thrice); possession of drugs or alcohol (twice); fighting (twice); engaging in a group

4

demonstration; and refusing to obey an order (thrice).  Seven of these infractions occurred *after* the defendant filed his *pro se* motion for sentence reduction, at a time when one would expect he would be on his best behavior.  The court further notes that the defendant is classified as a high security inmate and that he has completed almost no vocational or educational programming.

The court has considered all of the applicable 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10 factors.  Most particularly, however, the defendant's criminal history and his conduct while incarcerated show an ongoing need to promote respect for the law, adequately deter criminal conduct, and protect the public from further crimes by this defendant.  *See* 18 U.S.C. § 3553(a)(2).  As noted above, "[t]he authorization of . . . a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right."  U.S.S.G. § 1B1.10 cmt. background.

## IV. Conclusion

For the reasons stated herein, the defendant's *pro se* motion for sentence reduction [doc. 176] is **DENIED AS MOOT** and the motion for sentence reduction filed by counsel [doc. 205] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge